Shawtina F. Lewis (SBN 259255)
shawtina.lewis@nelsonmullins.com
NELSON MULLINS RILEY &
SCARBOROUGH LLP
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:   424.221.7400
Facsimile:   424.221.7499

Matthew B. Lerner (admitted *pro hac vice*)
matthew.lerner@nelsonmullins.com
NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Telephone:   404.322.6158
Facsimile:   404.322.6050

Eric J. Buhr (SBN 217529)
ebuhr@reedsmith.com
Alexis A. Rochlin (SBN 280634)
arochlin@reedsmith.com
Kevin G. Lohman (SBN 222678)
klohman@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213.457.8000
Facsimile: +1 213.458.8080

Attorneys for Defendants
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL BOND,<br><br>            Plaintiff,<br><br>    v.<br><br>C. R. BARD INC., and<br>BARD PERIPHERAL VASCULAR, INC.,<br><br>            Defendants. | Case No.: 1:20-cv-00444-DAD-BAM<br><br>Honorable Dale A. Drozd<br>Honorable Barbara A. McAuliffe<br><br>**JOINT MOTION TO STAY DISCOVERY AND ALL PRETRIAL DEADLINES & ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c) and (d), Plaintiff in the above-titled action and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") (Plaintiff and Bard are collectively referred to herein as "the Parties"), respectfully request that this Court temporarily stay discovery and all pretrial deadlines and continue the upcoming Scheduling Conference in this case for 60 days after entry of the [Proposed] Order while the Parties pursue settlement discussions. In support thereof, the Parties state as follows:

1. This case was part of the multidistrict litigation proceeding known as *In re: Bard IVC Filters Products Liability Litigation*, MDL 2641, pending before the Honorable David G. Campbell of the District of Arizona.

2. After four years, the completion of general issue discovery, and conducting three bellwether trials, Judge Campbell ordered that cases, which have not settled or are not close to settling, be transferred or remanded to the appropriate jurisdictions around the country for case-specific discovery and trial. As a part of that process, he established a "track" system, wherein certain cases were placed on tracks either to finalize settlement paperwork, continue settlement negotiations, or be remanded or transferred.

This case was transferred to this Court on March 27, 2020 (Doc. 6). Since that date, the Parties have engaged in serious settlement discussions and are hopeful that this and the other cases in Plaintiff's counsel's inventory will resolve at a mediation scheduled for July 10, 2020. To facilitate those discussion, the Parties and their counsel have agreed to "stand down" until at least August 12, 2020 while they pursue settlement. The parties will provide the court with a joint status report no later than July 17, 2020 advising of the status of the negotiations.

3. A district court has broad discretion over pretrial discovery rulings. *See, e.g.*, *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *accord Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.,* 755 F.3d 832, 837 (7th Cir. 2014); *Burns v. EGS Fin. Care, Inc.,* No. 4:15-CV-06173-DGK, 2016 WL 7535365 at *1 (W.D. Mo. Apr. 12, 2016); *see also Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988) ("A district court must be free to use and control pretrial procedure in furtherance of the orderly administration of justice."); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (district courts possess

1  "inherent power to control the disposition of the causes on its docket in a manner which will
2  promote economy of time and effort for itself, for counsel, and for litigants").

3      4.    Under Federal Rules of Civil Procedure 26(c) and 26(d), a court may limit the scope
4  of discovery or control its sequence.  *See Britton*, 523 U.S. at 598.  Although settlement
5  negotiations do not automatically excuse a party from its discovery obligations, the parties can
6  seek a stay prior to the cutoff date.  *See Sofo v. Pan-American Life Ins. Co.,* 13 F.3d 239, 242 (7th
7  Cir. 1994); *Wichita Falls Office Assocs. V. Banc One Corp.,* 978 F.2d 915, 918 (5th Cir. 1993)
8  (finding that a "trial judge's decision to curtail discovery is granted great deference," and noting
9  that the discovery had been pushed back a number of times because of pending settlement
10 negotiations).

11     5.    Accordingly, the Parties jointly move this Court for an order staying discovery and
12 pretrial deadlines and continuing the upcoming Scheduling Conference in this case for 60 days
13 after entry of the [Proposed] Order to allow the Parties to conduct ongoing settlement discussions,
14 after which the Parties will file a stipulation of dismissal or will submit a joint statement reporting
15 on the status of settlement.  The requested relief will facilitate settlement efforts and prevent
16 unnecessary expenditures of the parties and judicial resources.

17     6.    The Parties agree that the relief sought herein is necessary to handle the case in the
18 most economical fashion, yet allow sufficient time to schedule and complete discovery if
19 necessary, consistent with the scheduling obligations of counsel.  The relief sought in this Motion
20 is not being requested for delay, but so that justice may be done.

21     **WHEREFORE**, The Parties jointly request that discovery and all pretrial deadlines be
22 stayed and that the upcoming Scheduling Conference be continued for 60 days after entry of the
23 [Proposed] Order to allow the Parties to conduct ongoing settlement negotiations.

24     [Signatures on the following page]
25 //
26 //
27 //
28 //

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DATED: June 16, 2020                Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

/s/ *Matthew B. Lerner*
Matthew B. Lerner (admitted pro hac vice)
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6158
Facsimile: (404) 322-6050
matthew.lerner@nelsonmullins.com
Attorney for Defendants
C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

DATED: June 16, 2020                Respectfully submitted,

GOLDMAN SCARLATO & PENNY, PC

/s/ *Melissa Fry Hague (as authorized on 6/15/20)*
Melissa Fry Hague (admitted pro hac vice)
8 Tower Bridge
161 Washington St.
Conshohocken, PA 19428
Telephone: 484-342-0700
Facsimile: 484-580-8747
hague@lawgsp.com
Attorney for Plaintiff
Daryl Bond

**FILER'S ATTESTATION**

The undersigned filer attests that, pursuant to Civil L.R. 5-1(i)(3), concurrence in the filing of the document has been obtained from the other signatory to this document.

By:     */s/ Shawtina F. Lewis*
           Shawtina F. Lewis
           Attorney for Defendants
           C. R. Bard, Inc. and
           Bard Peripheral Vascular, Inc.

**ORDER**

Having considered the parties' stipulation, and good cause appearing, the Court hereby GRANTS the parties' request. The Initial Scheduling Conference currently set for July 22, 2020, is hereby continued to **September 16, 2020 at 09:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe**. All discovery and pretrial deadlines in this action are hereby stayed until the Initial Scheduling Conference. The parties shall file a Joint Scheduling Report in full compliance with the requirements set forth in the Order Setting Mandatory Scheduling Conference at least one (1) full week prior to the Scheduling Conference. (*See* Doc. Nos. 7, 18.) The parties may appear at the conference by telephone with each party using the following dial-in number and access code: *dial-in number 1-877-411-9748; access code 3219139.* If the parties file a notice of settlement prior to the conference, then the conference will be vacated. However, if the parties are unable to reach a settlement, then the conference will proceed.

IT IS SO ORDERED.

Dated:   **June 16, 2020**            /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE